## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

v.                                                            Case No. 6:13-cv-556-Orl-36KRS

PARK AVENUE AT METROWEST,
LIMITED and HAMPTONS AT
METROWEST CONDOMINIUM
ASSOCIATION, INC.,

        Defendants.

_____/

## ORDER

This cause comes before the Court on Defendants Hamptons at Metrowest Condominium Association, Inc. ("HMCA") and Park Avenue at Metrowest, Limited's ("PAM") (collectively "Defendants") Motion to Dismiss (Doc. 15), to which Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") responded in opposition (Doc. 21). For the following reasons, Defendants' motion will be granted.

## I. BACKGROUND

Mt. Hawley brought this declaratory judgment action to adjudicate the rights and liabilities under a contract for insurance between itself and PAM. However, this case stems from an underlying case pending before the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Business Litigation Division). Doc. 1 ¶ 9. On April 11, 2008, HMCA filed the underlying action in state court against PAM and several other defendants. *See* Doc. 22-2 at 2. The underlying action arises out of the construction, development, and sale of units at Park Avenue at Metrowest Apartments, later known as the Hamptons at Metrowest Condominium Community, a project based at 6401 Times Square Avenue in Orlando, Florida.

Doc. 1 ¶ 8.   PAM tendered the underlying action for defense and indemnity pursuant to its insurance contract with Mt. Hawley, policy number MGL0139619 for the policy period November 22, 2004 to November 22, 2005 (the "Policy").  *Id.* ¶ 10.  Mt. Hawley and PAM extended the coverage period by endorsement to February 22, 2006.  *Id.*  In a series of letters sent to PAM during 2010 and 2011, Mt. Hawley denied coverage and declined to defend PAM under the Policy with respect to the underlying action in state court.  *Id.* ¶ 11.  After years of litigation in state court, PAM and HMCA entered into a settlement agreement.  *Id.*  Allegedly, the settlement terms provided for entry of a $40,000,000.00 consent judgment for HMCA against PAM; however, it is unclear whether the state court has entered a consent judgment in the underlying case.  *Id.*  After informing Mt. Hawley of the settlement with PAM, HMCA demanded the full $2,000,000.00 aggregate limits of the Policy.  *Id.*

Mt. Hawley has never been, is not, and in all likelihood will not be a party to the underlying state court action.  However, HMCA obtained a prejudgment writ of garnishment to collect on the amount owed by PAM under the settlement agreement in the form of PAM's rights under the Policy with Mt. Hawley.  *See* Doc. 22-3; Doc. 22-4.  Mt. Hawley made a special appearance in the underlying action to answer, object to, and present defenses to PAM's prejudgment writ of garnishment.  *See* Doc. 22-5.  HMCA replied, presented additional allegations in support of a writ of garnishment, and asserted claims for breach of contract and bad faith.  *See* Doc. 22-6.

Shortly after initiating this case, Mt. Hawley attempted to remove the prejudgment garnishment proceedings to this Court.  *See* Notice of Removal, *Hamptons at Metrowest Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 6:13-cv-806-Orl-36TBS (M.D. Fla. May 23, 2013), Doc.

1.  However, the Court granted HMCA's motion to remand, finding that the Court lacked subject matter jurisdiction over the prejudgment garnishment proceeding, which is ancillary to the state court action.  *See* Order, *Hamptons at Metrowest Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 6:13-cv-806-Orl-36TBS (M.D. Fla. Sept. 10, 2013), Doc. 33.

In this case, Mt. Hawley seeks a declaratory judgment stating that it owed and breached no duty to defend PAM in the underlying action, that Mt. Hawley owed and breached no duty to indemnify PAM, and that Mt. Hawley has no duty to pay either HMCA or PAM with regard to the settlement in the state court action.  Defendants now move the Court to abstain from exercising jurisdiction and to dismiss this case.

## II. ANALYSIS

Defendants contend that this Court should decline to exercise jurisdiction pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).  The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart*, 316 U.S. at 494).  Further, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks and citations omitted).  "Ordinarily it would be uneconomical as well

3

as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.  The United States Court of Appeals for the Eleventh Circuit has provided a series of guidepost factors to aid the district courts within this circuit in balancing state and federal interests when deciding, pursuant to *Brillhart*, whether to exercise jurisdiction over a declaratory judgment action.  *Ameritas*, 411 F.3d at 1331.  These factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id*.  However, these guidepost factors are not exclusive, and no single factor is controlling.  *Id.*

Mt. Hawley contends that it would be an abuse of discretion for this Court to abstain from exercising jurisdiction.  Specifically, Mt. Hawley argues that because it is merely a garnishee and not a party in the underlying action in state court, there exists no parallel state action involving the same issues between the same parties.  However, numerous federal courts have implicitly rejected this argument.  *See Am. Family Mutual Ins. Co. v. Carter Enters.*, No.

04-0933-CV-W-JTM, 2005 WL 3310467, at *3 (W.D. Mo. Dec. 6, 2005) (declining to exercise jurisdiction over a declaratory judgment action to determine coverage under insurance policy where the insurer was merely a garnishee in underlying state court proceedings); *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, No. C.A. 05-0412-C, 2005 WL 2739141, at *9-10 (S.D. Ala. Oct. 24, 2005) (same); *The Ins. Co. of the State of Penn v. Triton Dev., LLC*, No. 04CV-1924REBOES, 2005 WL 2359125, at * 5 (D. Colo. Sept. 26, 2005) (same).   As in each of the cases cited above, Mt. Hawley's involvement as a garnishee in the underlying state court case is sufficient to allow the Court to consider whether it is appropriate to abstain from exercising jurisdiction pursuant to *Brillhart*.   Accordingly, the Court turns to the *Ameritas* guidepost factors to determine if abstention is appropriate in this case.

In this case, the first factor—the state's interest in having the issues raised in the federal declaratory action decided in the state courts—favors abstention.   Florida's state courts undoubtedly have a substantial interest in deciding the issues Mt. Hawley raises in this case.   The underlying action has been litigated in state court for over five years.   An on-the-merits ruling by this Court would likely have preclusive effects on the issues in the underlying state-court action. Additionally, Florida law governs the substantive issues in the state action.   Therefore, the first of the *Ameritas* factors supports abstention.   *See Lincoln Ben. Life Co. v. Look*, No. 2:05-cv-353-FtM, 2006 WL 3734331, at *4 (M.D. Fla. Dec. 15, 2006).

Next, a ruling by this Court would likely settle some, but not all, of the issues raised in the ancillary prejudgment garnishment proceeding.   Although a declaratory judgment would settle the coverage issue, it would not resolve HMCA's bad faith claim.   Additionally, a ruling by this Court would not settle the broader controversy that gave rise to the underlying state court

action.   Because a ruling in this case would offer only piecemeal relief with respect to the

prejudgment garnishment proceedings, the second *Ameritas* factor favors abstention.

In this case, analysis with respect to the third factor is largely subsumed by that with

respect to the second factor.  As stated above, a declaration of Mt. Hawley's duties (if any) under

the Policy would serve a useful purpose in clarifying the legal relations at issue.  This question is

the central issue—but not sole issue—remaining in the prejudgment garnishment proceedings.

Therefore, the third factor weighs against abstention.

In this case, the fourth factor is particularly important.  Mt. Hawley seems particularly

intent on obtaining a federal forum in which to resolve the Policy coverage issue rather than

resolving the same in the course of litigating the underlying case in state court.  As discussed

above, this Court has already remanded a separate case in which Mt. Hawley attempted to obtain

a federal forum for the ancillary prejudgment garnishment proceeding.   Additionally, Mt.

Hawley attempted to remove the garnishment proceedings to this Court despite the pendency of

this case.   Next, because an ancillary prejudgment garnishment proceeding is not removable

from a Florida state court to a federal court, such an action could not have been originally filed in

federal court.  *See* Report and Recommendation, *Hamptons at Metrowest Condo. Ass'n, Inc. v.*

*Mt. Hawley Ins. Co.*, No. 6:13-cv-806-Orl-36TBS (M.D. Fla. Sept. 10, 2013), Doc. 32 at 9.

Therefore, Mt. Hawley's litigation tactics reflect an effort to obtain a federal forum in a case that

is not otherwise removable.

Also, the timing of Mt. Hawley's attempts to gain a federal forum suggests that it has

done so for the purpose of achieving an arena for a race to res judicata.  The underlying state

court action has been pending since 2008.  Based on the limited information now available to the

Court, Mt. Hawley became aware that PAM sought coverage under the Policy at least as early as 2010.  Shortly after the state court granted the prejudgment writ of garnishment on March 15, 2013, Mt. Hawley began its efforts to achieve a federal forum for resolution of the Policy coverage issues.  For each of these reasons, it is apparent that Mt. Hawley is attempting to engage in procedural fencing.  Accordingly, the fourth factor weighs in favor of abstention.

With respect to the fifth factor, there is an inherent potential for friction between the federal and state courts "in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have *res judicata* effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations."  *Lexingon Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1241 (S.D. Ala. 2006).  Further, the risk of improper encroachment by this Court onto state jurisdiction "exists for the same reasons."  *Id.*  Therefore, the fifth *Ameritas* factor favors abstention.

In considering the sixth factor, the Court inquires as to whether there is an alternative remedy that is better or more effective.  Defendants contend that the state court will determine whether PAM's liability is covered under the Policy.  Mt. Hawley contends that final disposition of the prejudgment writ of garnishment will not determine coverage issues under the Policy and that coverage issues cannot be settled in the underlying state court proceedings.  However, no party provides further explanation or any legal authority to support their respective position as to whether the Policy coverage issue can be resolved in the underlying state court.  Numerous reported decisions from Florida's courts demonstrate that Florida courts may determine insurance coverage issues in the course of ancillary garnishment proceedings. *See, e.g., Belford*

*Trucking Co., Inc. v. Bartlett*, 299 So. 2d 608, 609, 611 (Fla. 4th DCA 1974); *Phoenix Ins. Co. v. Helton*, 298 So. 2d 177, 180 (Fla. 1st DCA 1974).   Therefore, the "remedy" Mt. Hawley seeks here—determination as to coverage under the Policy—can be reached through proceedings in the underlying action in state court.   Although either a declaratory judgment in this Court or further proceedings in state court could resolve the Policy coverage issue, further proceedings in the underlying state-court action are "better" because the breach of contract and bad faith claims could be resolved contemporaneously with the coverage issue, whereas they could not be resolved in the declaratory judgment action.   Therefore, the sixth *Ameritas* factor weighs in favor of abstention.

In considering the seventh and eighth factors, the Court inquires as to whether the underlying factual issues are important to an informed resolution of the case, and if so, whether the state trial court is in a better position to evaluate those factual issues than the federal court. Although it is clear that Mt. Hawley and HMCA disagree as to whether coverage exists under the Policy, it is not clear as to whether this dispute is a result of a disagreement as to the facts, interpretation of the Policy, or both.   In any event, the state trial court is in a better position to evaluate any factual disputes relating to coverage.   The state court has been involved in this complex, multi-party case since its inception over five years ago.   As a result, the state court has the "distinct advantage" of having all of the claims, factual issues, parties, and evidence before it, while this Court "would be forced to reckon with only a portion of those facts based on evidence presented by a subset of the parties" to the underlying case.[1]   *Lexington Ins. Co.*, 434 F. Supp. 2d at 1242; *see also Mt. Hawley Ins. Co. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181

---

[1] For the same reasons, exercising jurisdiction would not promote judicial efficiency or serve the interest of conserving judicial resources.

(M.D. Fla. 2010) (abstention was appropriate in part because the resolution of insurance policy coverage issues involved questions of fact that would be better understood by the state court proceeding over the underlying claim).   Therefore, the seventh and eighth *Ameritas* factors weigh in favor of abstention.

As to the final factor, the issues raised by Mt. Hawley in this case—coverage under the Policy—are governed by state law.  Further, these issues do not involve federal law or implicate any federal policy.  Therefore, this final factor favors abstention.  *See Lincoln Ben. Life Co.*, 2006 WL 3734331, at *6; *St. Paul Fire & Marine Ins. Co.*, 2005 WL 2739141, at *9 (state court had a particularly strong interest in deciding contract issues governed by state law that were also raised in a federal declaratory judgment action).

In sum, all but one of the *Ameritas* guidepost factors support abstention in this case. Therefore, the Court will abstain from exercising jurisdiction, and this case will be dismissed without prejudice.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. Defendants Hamptons at Metrowest Condominium Association, Inc. and Park Avenue at Metrowest, Limited's Motion to Dismiss (Doc. 15) is **GRANTED**.

2. Plaintiff Mt. Hawley Insurance Company's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. The Clerk of the Court is directed to **TERMINATE** any other pending motions and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on December 30, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record